UNITED STATES of America, Appellee

v.

Costello FLYNN, Appellant.

No. 05–3006.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 28, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, David Brian Goodhand, Assistant U.S. Attorney, T. Anthony Quinn, John Paul Gidez, U.S. Attorney's Office, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Sandra Gayle Roland, Assistant Federal Public Defender, Federal Public Defender, Washington, DC, for Appellant.

Before: HENDERSON, ROGERS and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel. It is

ORDERED that the judgment from which this appeal has been taken be affirmed. Costello Flynn appeals his conviction of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Flynn was convicted of possessing a handgun found on his person after a police officer ordered him out of a car that was illegally stopped in a crosswalk. Flynn contends his conviction should be reversed because (1) the court erred in crediting the testimony of the arresting police officer over that of two civilian witnesses; (2) the officer's order to exit the car was an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution; and (3) Flynn was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. These arguments fail for the following reasons.

First, we review the district court's credibility determinations for clear error, according them " 'the greatest deference from this court on appeal.' " *United States v. Broadie,* 452 F.3d 875, 880 (D.C.Cir.2006) (quoting *United States v. Hart,* 324 F.3d 740, 747 (D.C.Cir.2003)). The district court did not clearly err in finding the arresting officer's not improbable testimony more credible than that of the civilian witnesses. *Cf. id.* at 880–81 (upholding officer's testimony notwithstanding it conflicted with civilian witnesses' accounts); *see United States v. Adamson,* 441 F.3d 513, 519 (7th Cir.2006) ("[A] credibility determination will be found clearly erroneous only if the district court has chosen to credit exceedingly improbable testimony." (internal quotations omitted)); *United States v. Ramirez–Chilel,* 289 F.3d 744, 749 (11th Cir.2002) ("[A] trial judge's ... choice of whom to believe is conclusive on the appellate court unless the judge credits *exceedingly* improbable testimony." (internal quotation omitted; emphasis and ellipsis in original)).

Second, the officer's order to exit the car was not unreasonable under the Fourth Amendment. An officer may, as a matter of course, order the occupant of a lawfully stopped car, whether driver or passenger, out of the vehicle. *See Maryland v. Wilson,* 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997) (passenger); *Pennsylva-*

*nia v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (driver). This is what the officer did here. Immediately upon reaching the car, he ordered the driver to turn off the ignition and exit the car. At that point, he effected a traffic stop. *See, e.g., United States v. Vera,* 457 F.3d 831, 835 (8th Cir.2006) ("An authoritative order or command to exit a vehicle effects a seizure....."). He then could, and did, lawfully order Flynn from the car.

Finally, because Flynn's ineffective counsel claim "concerns an attorney's failure to raise a Fourth Amendment issue," Flynn "must show that the Fourth Amendment claim has merit and that there was a reasonable possibility that the [outcome] would have been different absent the excludable evidence." *United States v. Wood,* 879 F.2d 927, 934 (D.C.Cir.1989). He did not meet this burden because, as we have concluded, the challenged seizure was lawful under the Fourth Amendment. His counsel's failure to raise the claim therefore caused Flynn no prejudice.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.